IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 10 2012

GREGORY C. LANGHAM
CLERK

Civil Action No. _____
(To be supplied by the court)

__Jeremy Pinson_____, Plaintiff,

v.

__David Berkabile_____,

__Charles Samuels_____,

__Newton Kendig_____,

__Paul Laird_____,

__Blake Davis_____,

__John Rathman_____,

__Lee Green_____,

__Federal Bureau of Prisons_____, Defendant(s).

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

(Rev. 1/30/07)

## A. PARTIES

1. Jeremy Pinson #16267-064    ADX U.S. Penitentiary
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   PO Box 8500 Florence CO 81226

2. David Berkabile - ADX Warden (current)
   (Name, title, and address of first defendant)
   5880 Hwy. 67 South, Florence, CO 81226
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  ✓ No  (CHECK ONE).  Briefly explain your answer:
   Federal Employee

3. Charles Samuels - BOP Director
   (Name, title, and address of second defendant)
   320 First Street N.W., Washington, D.C. 20534
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  ✓ No  (CHECK ONE).  Briefly explain your answer:
   Federal Employee

4. Newton Kendig - Asst. BOP Director for Health Services
   (Name, title, and address of third defendant)
   320 First Street NW, Washington DC 20534
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  ✗ No  (CHECK ONE).  Briefly explain your answer:
   Federal Employee

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                                    2

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

    ___ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    _X_ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    28 U.S.C. 1332 (diversity of citizenship), 2201 and 2202 (declaratory relief) and 1651.

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

Plaintiff is an epileptic who experiences debilitating seizures and is housed in life threatening conditions at ADX Florence. Plaintiff sues for damages, declaratory and injunctive relief.

(Rev. 1/30/07)                     3

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: __Violation of 8th Amendment - Deliberate Indifference__

   Supporting Facts:

1. Plaintiff is serving a 252-Month sentence of imprisonment in the custody of the Federal Bureau of Prisons ("BOP").

2. Plaintiff is an epileptic and experiences siezures on a weekly basis which effect Plaintiff's ability to think, walk, talk, read, move, and impair all function.

3. Due to the concrete and steel construction of prison cells the onset of a siezure has repeatedly resulted in plaintiff falling, losing consciousness and sustaining head trauma and loss of consciousness/blood loss.

4. In December 2010 defendants Green and Rathman began the process of referring plaintiff to ADX Florence.

5. ADX Florence is the most restrictive federal prison and inmates are housed in solitary confinement with no staff supervision except approximately 30 minutes per day during count, meals, medication distribution and walk-thru's. At all other times inmates are unsupervised.

(Continued at Page 10)

(Rev. 1/30/07)                                4

2. Claim Two: _____N/A_____

   Supporting Facts:

   N/A

3. Claim Three:    N/A

    Supporting Facts:

N/A

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: _Over 70 prior Lawsuits_

2. Docket number and court name:

3. Claims raised in prior lawsuit:

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

5. If the prior lawsuit was dismissed, when was it dismissed and why?

6. Result(s) of any appeal in the prior lawsuit:

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   ✓ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

1. Compensatory Damages of $10,000 against defendants Berkabile, Samuels, Kendig, Laird, Davis, Rathman, Green (Total $70,000)

2. Punitive Damages of $130,000 against individual defendants.

3. Permanent Injunction enjoining (1) transfer of disabled or physically impaired inmates to ADX, (2) compelling transfer of plaintiff to a facility equipped to monitor and treat his epilepsy.

4. Declaratory Judgment that (1) Epilepsy is a major physical impairment (2) Housing an epileptic unsupervised in solitary confinement violates the 8th Amendment.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ___7-18-2012___
(Date)

_____
(Prisoner's Original Signature)

A- Parties
(Continued From Page 2):

5- Paul Laird - North Central Regional Director
   400 State Ave., Tower II Suite 800, Kansas City, KS, 66101.

6- Blake Davis - Asst. BOP Director For Correctional Programs
   320 First Street NW, Washington DC 20534.

7- John Ruthman - Warden of FCI Talladega
   565 E- Renfroe Rd, Talladega, AL, 35601

8. Lee Green - SERO ADX Hearing Administrator
   3800 Camp Creek Pkwy. Bldg-2000, Atlanta, GA, 30331

9. Federal Bureau of Prisons
   5880 Hwy- 67 South, Florence, CO, 81226

D. Cause of Action (continued)

6. As a result of the conditions at ADX BOP Policy and Regulations discourage or prohibit transfer to ADX prisoners with "significant mental disorder or major physical disabilities" (28 C.F.R. 541.41(c)(1))(also Program Statement 5100-08, Chapter 7, Page 18).

7. Defendants Green, Rathman and Samuels were all trained and well acquainted with BOP policy.

8. Defendants Green, Rathman and Samuels were all provided documentation of Plaintiff's epilepsy during the ADX referral process.

9. Despite such knowledge of Plaintiff's epilepsy defendants Green and Rathman recommended the Plaintiff be housed at ADX contrary to BOP policy.

10. Defendant Samuels approved Plaintiff's transfer to ADX contrary to BOP policy.

11. Defendant Kendig and Laird were responsible for enforcing BOP policies relating to healthcare but failed to do so resulting in Plaintiff's placement at and housing in ADX.

12. Once housed at ADX Plaintiff suffered over 12 dozen siezures, sustaining repeated and serious injuries, yet defendants Berkabile, Davis and BOP refused to transfer Plaintiff from ADX to a Federal Medical Center.

10

D. Cause of Action (continued)

13. Plaintiff has had a cellmate at every BOP facility except ADX because a cellmate is needed to activate the in cell duress alarm to alert staff of a medical emergency at the onset of a siezure.

14. Plaintiff's siezures often cause trauma and positional asphyxiation which can be fatal. If Plaintiff is not examined and treated during or after a siezure he could die.

15. Plaintiff is in imminent danger of serious physical injury or death due to the combination of his epilepsy and housing unsupervised in solitary confinement.