IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02118-BNB

JEREMY PINSON,

    Plaintiff,

v.

DAVID BERKABILE,
CHARLES SAMUELS,
NEWTON KENDIG,
PAUL LAIRD,
BLAKE DAVIS,
JOHN RATHMAN,
LEE GREEN, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Jeremy Pinson, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. Mr. Pinson, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On August 14, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Pinson to show cause why he should not be denied leave to proceed pursuant to § 1915 because he is subject to filing restrictions under § 1915(g).

    Mr. Pinson filed a Response on August 24, 2012. Generally, Mr. Pinson's request for a waiver of the § 1915(g) restrictions is conclusory and vague. Even if Mr. Pinson made a sufficient showing to proceed pursuant to § 1915, the Court has found

other reasons to dismiss this action.  In particular, Mr. Pinson's claims are being addressed in *Bacote, et al., v. Fed. Bureau of Prisons, et al.*, No. 12-cv-01570-RPM (Filed D. Colo. June 18, 2012).  Mr. Pinson is represented by counsel in Case No. 12-cv-01570-RPM.  In particular, on page sixty of the complaint in Case No. 12-cv-01570-RPM, counsel asserts that Mr. Pinson suffers from Epilepsy and experiences frequent seizures.  Counsel also addresses the isolation of inmates like Mr. Pinson, the lack of proper medical treatment, and the general conditions of their confinement.

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).  The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims.  *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).  The Court has examined its records and is satisfied that the claims are repetitive of the claims Mr. Pinson asserts, through counsel, in Case No. 12-cv-01570-RPM.

By filing this case, Mr. Pinson is abusing the judicial process.  Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction."  *See Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam)*; Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989).  If Mr. Pinson continues to abuse the judicial process the Court will consider other sanctions in addition to his § 1915(g) filing restrictions.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States,* 369 U.S. 438

(1962).  If Mr. Pinson files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma paupers* on appeal is denied.

DATED at Denver, Colorado, this  5th  day of      September     , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
UNITED STATES DISTRICT COURT